[Criminal No. 851.   Filed March 1, 1937.]

[65 Pac. (2d) 652.]

# ED WESTON, Appellant, v. STATE OF ARIZONA, Respondent.

Mr. A. L. Hammond, for Appellant.

Mr. Joe Conway, Attorney General, Mr. W. E. Polley, Assistant Attorney General, and Mr. Charles L. Ewing, County Attorney, for Respondent.

McALISTER, C. J.—Ed Weston was convicted in the justice court of Prescott precinct on a complaint charging him with the crime of driving a motor vehicle on the public highways of the State of Arizona while under the influence of intoxicating liquor, and from the judgment and sentence there imposed he appealed to the superior court of Yavapai county, where he was again found guilty and sentenced to a term of thirty days in the county jail. This last judgment and sentence he has brought here for review.

Under the provisions of section 5137, Revised Code 1928, a defendant may appeal from a final judgment of the superior court in a cause which has been appealed from a justice, police or recorder's court when the action involves the "validity of a tax, impost, assessment, toll, municipal fine or statute," and the appeal in this instance challenges the validity of the statute upon which this prosecution is based, chapter 33, Session Laws of 1935, reading as follows:

*"Driving While Under Influence of Liquor or Drugs; Penalty.* Any person under the influence of intoxicating liquor or narcotic drugs, or who is a habitual user of narcotic drugs, who shall drive any vehicle upon any highway within this state, shall be guilty of a misdemeanor, and punished by imprisonment in the county jail for not less than thirty nor more than ninety days. No judge may suspend imposition of sentence for a violation of this section, and if upon the conviction for three such offenses, the party convicted shall forfeit his driver's license." (Section 1.)

The contention of appellant is that the expression, "under the influence of intoxicating liquor," is so "vague, uncertain, incomprehensible and not defined" that it cannot form the basis of a criminal complaint because it does not meet the requirements of article 2, section 24, of the state Constitution, which provides that "In criminal prosecutions, the accused shall have the right to appear and defend in person, and by counsel, to demand the nature and cause of the accusation against him," etc. He claims that this language does not inform him of "the nature and cause" of the charge against him, because the word, "influence," may include imperceptible as well as perceptible influence, and that the legislature used it here in this broad sense. To satisfy this constitutional provision, however, it is necessary that the offense be defined in such a way that any person of ordinary intelligence may know to what extent or in what degree one must be under the influence of intoxicating liquor when driving a motor vehicle before his act may be held to constitute an offense. The contention is not that the many varying degrees in which a person may be influenced by intoxicating liquor should be set up, but that the definition of the offense should provide that such influence must be in at least a perceptible degree, and that since the word as here used makes no distinction between perceptible and imperceptible influence the law permits the penalizing of a person for using intoxicating liquor in a degree that does not perceptibly influence him and, therefore, constitutes an infringement of an inherent right and is void. The legislature probably never contemplated, he claims, that it was authorizing the conviction of a person who has indulged, for instance, to the extent of one drink only, yet, since it is universally understood and accepted by writers on the subject of intoxicating liquor that even that small

quantity does influence a person in some degree, the loose way in which the statute is worded has this result, and this is true even though that one drink does not affect him perceptibly or cause him to act in any manner differently from the way he would have acted had he not taken it.

■ This statute is a police regulation and the purpose of the legislature in passing it was undoubtedly to make it an offense for anyone to drive a motor vehicle while under the influence of intoxicating liquor and, due to the fact that driving an automobile under these circumstances is such a menace to public safety, it intended to penalize anyone guilty of doing so regardless of how slight that influence might be. In *Hasten* v. *State,* 35 Ariz. 427, 280 Pac. 670, 671, the following language was used:

"It is a truism that a person who is even to the slightest extent 'under the influence of liquor,' in the common and well-understood acceptation of the term, is to some degree at least less able, either mentally or physically or both, to exercise the clear judgment and steady hand necessary to handle as powerful and dangerous a mechanism as a modern automobile with safety to himself and the public. With the increasing number and speed of automobiles on our highways, and the appalling number of accidents resulting therefrom, it is not strange that the law-making power determined that any person, who of his own free will voluntarily lessened in the slightest degree his ability to handle such vehicles by the use of intoxicating liquor, should, while in such condition, be debarred from their use. The Legislature has placed no limitation on the extent of the influence required, nor can we add to their language."

■ The legislature employed the expression, "under the influence of intoxicating liquor" in the sense in which the public had understood and used it long before this statute was passed, and, according to the holding in *Welch* v. *State,* 43 Okl. Cr. 47, 277 Pac. 280,

it requires no definition or explanation. In *State* v. *Graham,* 176 Minn. 164, 222 N. W. 909, 911, the court said that it is in common, everyday use by the people, is older than the law in which it appears, and when used in reference to the driver of a vehicle on the public highways appears to have a well-understood meaning, which it describes in this language: "When a person is so affected by intoxicating liquor as not to possess that clearness of intellect and control of himself that he otherwise would have, he is under the influence of intoxicating liquor." In *State* v. *Parker,* 87 Fla. 181, 100 So. 260, 261, the court, in discussing an ordinance which made it unlawful for "any person" while "under the influence of intoxicating liquor" to drive a motor vehicle on the streets of the city of Jacksonville, said:

"It may with reasonable certainty be ascertained by due course of municipal court inquiry whether the accused committed the offense of driving an automobile upon the streets of the city 'while under the influence of intoxicating liquor,' even though a question of degree be involved. [Citing cases.] The accused cannot be put to speculation or conjecture as to the offense defined in the ordinance. The definition of the offense fixes a reasonably ascertainable standard of guilt to be ascertained by the ordinary processes used in such cases, and the ordinance does not deny to the petitioner any organic rights as asserted."

And it will be observed from the above excerpt from *Hasten* v. *State,* that this court said that a person is "under the influence of liquor" when he is "to some degree at least less able, either mentally or physically or both, to exercise the clear judgment and steady hand necessary to handle as powerful and dangerous a mechanism as a modern automobile with safety to himself and the public."

Inasmuch, therefore, as this expression has the meaning attributed to it by this and other courts, and

that meaning is one commonly understood, there is no reason why, when advising a person in a complaint or information of the nature and cause of the accusation against him, anything indicating more specifically the extent to which he was under such influence should be added to it. The language itself implies that he was affected in such a degree that he did not possess that clearness of intellect and control of himself that he otherwise would have had, and, this being true, it is not apparent how anyone against whom such a charge is filed could fail to understand the nature and cause thereof merely because the words, "in a perceptible degree," or others of like import, did not appear after the words, "intoxicating liquor." Treated, therefore, as conveying the meaning pointed out, as it properly should be, it is clear that it does not render the statute indefinite but that it complies with the constitutional requirement it is claimed has been infringed. Such was the holding in *State* v. *Graham, supra,* when it used this language:

"In that light the use of the expression in the statute renders the law neither obscure nor uncertain. We hold the statute to be constitutional and valid."

The contention that it authorizes the conviction of a person who has taken only one drink, even though that drink did not perceptibly affect him or cause him to act any differently than he would have acted had he not taken it, is without basis, for the reason that whether one was under the influence of intoxicating liquor within the meaning of this statute depends not upon the number of drinks he has taken but on whether those he did take affected him sufficiently to bring him within its purview. One drink might have this effect, depending upon the person, while more than one drink in the case of another would not, for intoxicating liquor does not affect all people alike.

And, besides, that term, though it may have a more or less definite meaning in the minds of those accustomed to using intoxicants, does not always mean the same thing. What one person calls a drink may to another mean several drinks. The important query is, Was the driver of the vehicle under the influence of intoxicating liquor to the extent that he did not have the clearness of intellect or control of himself that he otherwise would have had? Whether he was is purely a matter for the jury to determine under all the evidence, *Owens* v. *Commonwealth,* 147 Va. 624, 136 S. E. 765, *People* v. *Ekstromer,* 71 Cal. App. 239, 235 Pac. 69, and unless it is made to appear therefrom that he was under such influence to this extent, the jury would not be justified in so finding, but the fact that it may do so when this is shown does not render the statute void; it rather illustrates the dangerous situation the legislature was endeavoring to overcome when, in the proper exercise of the police power of the state, it enacted the law. It realized the "danger from an admixture of liquor and gasoline," *Hasten* v. *State, supra,* and its sole purpose was to do what it could to prevent it.

The last assignment is that the verdict is not supported by the evidence. It is clear that this objection is without merit for the reason that the evidence was conflicting and that introduced by the State was sufficient to uphold the verdict. The deputy sheriff who made the arrest and the jailer to whom the appellant was committed testified that he was under the influence of intoxicating liquor, while the appellant himself and seven or eight other witnesses stated that he was not. In this situation there is no question for this court to decide, the finding of the jury being binding upon us.

There is some discussion of the instructions but no proper assignments have been made questioning them. However, we have read them carefully and find in them no ground for error.

The judgment is affirmed.

ROSS and LOCKWOOD, JJ., concur.