934 P.2d 1349

Jerry WILLIAMS and Shirley Williams, as guardians for and on behalf of Lori Jo Dixon, and as the natural parents of Lori Jo Dixon, Plaintiffs/Appellants,

v.

John THUDE and Jane Doe Thude, husband and wife; Manuel Morales–Vasquez and Jane Doe Morales–Vasquez, husband and wife, Defendants–Appellees.

No. CV–94–0249–PR.

Supreme Court of Arizona,
En Banc.

April 3, 1997.

Crowe & Scott, P.A. by Michael B. Scott, Phoenix, for Plaintiffs/Appellants.

Jennings, Strouss & Salmon, P.L.C. by William T. Birmingham, M. Byron Lewis, Michael J. O'Connor, Phoenix, for Defendants/Appellees.

## OPINION

ZLAKET, Chief Justice.

The facts of this vehicular tort case are set forth in the opinion of the court of appeals. *See Williams v. Thude,* 180 Ariz. 531, 533, 885 P.2d 1096, 1098 (App.1994). We granted review of two issues but on further consideration have decided to address only one, reformulated as follows:

> Where evidence is sufficient to support the giving of jury instructions concerning a plaintiff's gross or wanton conduct, what should they say about its effect on his or her recovery?

In *Bauer v. Crotty,* 167 Ariz. 159, 168, 805 P.2d 392, 401 (App.1991), the court of appeals indicated that a trial judge must "inform the jury that if it finds [plaintiff] guilty of willful or wanton contributory negligence, then [plaintiff] *cannot recover reduced damages under comparative negligence principles, and the jury must choose either to award [plaintiff] his full damages or to render a verdict for [defendant]."* (Emphasis added).

In this case, a different panel of the same court departed from *Bauer* and approved instead the following instruction:

> If you find that Plaintiff willfully or wantonly caused Plaintiff's injury, and that Defendant was at fault (but not willfully or wantonly), then you *should* not determine relative degrees of fault, however you *may*

find for the Defendant or for the Plaintiff as you see fit.

*Williams,* 180 Ariz. at 539, 885 P.2d at 1104 (emphasis added). The court correctly noted in the foregoing opinions that additional instructions would be necessary to define gross, wanton or willful conduct and explain the comparative principles to be applied if the plaintiff was found to have been merely negligent.

Defendants argue that both of these cases were wrongly decided by the court of appeals, not a surprising position given that the jury instruction in the present matter fails to pass muster under either holding. The trial court's charge here contained the following admonition:

> If you find that Lori Dixon willfully or wantonly contributed to causing the accident and that the defendant was at fault but did not willfully or wantonly contribute to causing Lori Dixon's injury, *then Lori Dixon has no right to either full or reduced damages* and your verdict should be for the defendant.

(Emphasis added).

The jury returned a defense verdict. However, upon plaintiffs' motion, the judge granted a new trial, and the court of appeals affirmed. In an attempt to recover their victory, defendants assert that the instruction given by the court was proper under A.R.S. § 12–2505(A), which provides:

> The defense of contributory negligence or of assumption of risk is in all cases a question of fact and shall at all times be left to the jury. If the jury applies either defense, the claimant's action is not barred, but the full damages shall be reduced in proportion to the relative degree of the claimant's fault which is a proximate cause of the injury or death, if any. *There is no right to comparative negligence in favor of any claimant who has intentionally, wilfully or wantonly caused or contributed to the injury or wrongful death.*

(Emphasis added). Defendants rely on *Hall v. A.N.R. Freight System, Inc.,* 149 Ariz. 130, 134, 717 P.2d 434, 438 (1986), which held in part that since article 18, section 5 of the Arizona Constitution provides only a proce-

dural guarantee, the legislature is free to abolish or modify the defense of contributory negligence. *See* Ariz. Const. art. 18, § 5 ("The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury.").

Alternatively, defendants claim that the foregoing constitutional provision is inapplicable because "willful or wanton conduct" is not a form of negligence at all, but rather is "akin to" intentional tort. They cite *Southern Pacific Transportation Co. v. Lueck,* 111 Ariz. 560, 562, 535 P.2d 599, 601 (1975), and the Restatement (Second) of Torts §§ 502, 503 (1963–1964) for this proposition, concluding that A.R.S. § 12–2505(A) does not conflict in any way with article 18, section 5. According to defendants, juries should be instructed, as this one was, that a plaintiff's willful or wanton conduct defeats recovery as a matter of law.

■ We address the latter argument first. "Each word, phrase, clause, and sentence [of a statute] must be given meaning so that no part will be void, inert, *redundant,* or trivial." *City of Phoenix v. Yates,* 69 Ariz. 68, 72, 208 P.2d 1147, 1149 (1949)(emphasis added). By its specific reference to injury or death caused "intentionally, wilfully or wantonly," A.R.S. § 12–2505(A) implicitly recognizes that these types of conduct may be different. Otherwise, the language clearly would be redundant.

■ This case does not involve the intentional infliction of harm, nor do we consider today how the statute would apply to such a claim. At most, we deal here with gross or wanton contributory negligence, the assertion being that plaintiff was driving under the influence of intoxicants at the time of her accident. Gross negligence and wanton conduct have generally been treated as one and the same. *See, e.g., Evans v. Pickett,* 102 Ariz. 393, 396, 430 P.2d 413, 416 (1967). Although some early decisions may not have clearly defined willful or wanton misconduct, any ambiguity was resolved in *DeElena v. Southern Pacific Co.* 121 Ariz. 563, 566, 592 P.2d 759, 762 (1979)("[I]t is settled that wanton misconduct is aggravated negligence."); *see also Wareing v. Falk,* 182 Ariz. 495, 498,

897 P.2d 1381, 1384 (App.1995). The court of appeals recognized this in both *Bauer,* 167 Ariz. at 166–67, 805 P.2d at 399–400, and the present case, 180 Ariz. at 538, 885 P.2d at 1103. There is nothing radical about such a notion. As indicated by Prosser and Keeton, willful, wanton, and reckless conduct have commonly been "grouped together as an aggravated form of negligence." W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 34, at 212 (5th ed.1984).

Secondly, although the legislature has the power to eliminate contributory negligence altogether, the constitution requires that whenever and in whatever form the defense is permitted to exist, a fact question arises that "shall, at all times, be left to the jury." Ariz. Const. art. 18, § 5. Arizona Revised Statutes § 12–2505(A) does not purport to exterminate all species of contributory negligence. In fact, it suggests quite the opposite by repeating in its opening sentence the constitutional guarantee embodied in article 18, section 5. Moreover, the statute does not say that the wantonly negligent plaintiff is *barred from all recovery,* a rule that would have been easy to articulate had the legislature intended such a result. Instead, it only attempts to deprive such a plaintiff of any benefits that might flow from an application of comparative principles. At best, then, the statute can be said to have merely modified the contributory negligence defense.

We concluded long ago that a trial court cannot tell a jury what its verdict must be when there is evidence that the plaintiff negligently participated in causing his or her own injuries. *See Trojanovich v. Marshall,* 95 Ariz. 145, 146–47, 388 P.2d 149, 150 (1963); *Layton v. Rocha,* 90 Ariz. 369, 370–71, 368 P.2d 444, 445 (1962). Before the adoption of comparative fault, Arizona judges were routinely and properly instructing jurors that, although the contributorily negligent plaintiff "should not" or "may not" recover, the issue was entirely theirs to decide. As a practical matter, therefore, juries were essentially free to grant plaintiffs a full recovery, no recovery, or anything in between. *See State v. Cress,* 22 Ariz.App. 490, 496, 528 P.2d 876, 882 (1974); *Zadro v. Snyder,* 11 Ariz.App. 363, 367 n. 1, 464 P.2d 809, 813 n. 1 (1970).

We acknowledged this reality in *Hall v. A.N.R. Freight System, Inc.* when we said, "If in fact juries could (*and almost certainly did*) apportion damages, the [Uniform Contribution Among Tortfeasors] Act merely legitimizes existing practice." 149 Ariz. at 136, 717 P.2d at 440 (emphasis added).

The charge recommended by the court of appeals in this case follows along the same path. It simply tells jurors that even though they should not compare fault, they are free to do whatever they choose with respect to the plaintiff's conduct. In contrast, the instruction given by the trial court here told the jury that the plaintiffs had "no right to either full or reduced damages." Thus, it went beyond both what the statute requires and our constitution permits. It essentially deprived the parties of their right to have the jurors deal with plaintiff Dixon's conduct as they saw fit. *See Heimke v. Munoz*, 106 Ariz. 26, 28, 470 P.2d 107, 109 (1970) (Article 18, section 5 gives the jury not only "the right to determine the facts, but to apply or not, as the jury sees fit, the law of contributory negligence as a defense."). The dissent characterizes the foregoing principle as "extraordinary" even though *Heimke* has been a part of our legal history for more than a quarter of a century. *See post*, at 1353 n.1. It further claims that by allowing jurors to ignore an express statutory exception to comparative principles, our opinion today expands "jury nullification beyond the express limits of article 18, § 5." *Id.* at 1354. We do nothing of the sort. By a long line of decisions, our court has consistently held that article 18, section 5 makes the jury the sole arbiter of the existence and application of contributory negligence. As explained in *Heimke*, this simply means that "the trial court must not, directly or indirectly, tell the jury that it shall return a verdict compatible with the law of contributory negligence as declared by the court." 106 Ariz. at 30, 470 P.2d at 111. Because comparative negligence is a form of contributory negligence, the foregoing constitutional mandate is no less applicable. *See Hall*, 149 Ariz. at 135–36, 717 P.2d at 439–40 ("Comparative negligence is a way of dealing with plaintiff's contributory fault.... For purposes of art. 18, § 5, 'contributory negligence' and 'comparative negligence' are consonant."). The cases cited in *Heimke* and *Layton* go back more than 75 years. Today's decision does not depart from that well-established body of law.

■ Finally, confronted with a challenge to the sufficiency of plaintiffs' objection at trial, the court of appeals held that the jury instruction constituted fundamental error. *Williams*, 180 Ariz. at 539, 885 P.2d at 1104 (citing *Salt River Project v. Westinghouse Elec.*, 176 Ariz. 383, 387, 861 P.2d 668, 672 (App.1993)). We recognize that the "fundamental error" doctrine should be used sparingly, if at all, in civil cases. *See Johnson v. Elliott*, 112 Ariz. 57, 61, 537 P.2d 927, 931 (1975). As defendants concede, earlier decisions have held that giving an instruction that deprives a party of a constitutional right is reviewable error even in the absence of proper objection in the trial court. *See, e.g., Kelch v. Courson*, 103 Ariz. 576, 447 P.2d 550 (1968); *Holtz v. Holder*, 101 Ariz. 247, 418 P.2d 584 (1966). They argue, however, that *Hall v. A.N.R. Freight System, Inc.* has effectively abrogated this rule, at least with respect to the merely procedural guarantee of article 18, section 5. We decline to reach this issue because it appears to us that the objection made by plaintiffs' counsel, though certainly less than artful, was sufficient to have alerted the parties and the trial court of problems with the instruction.

We adopt the court of appeals' recommended instruction in the present case and disapprove of *Bauer v. Crotty* to the extent that it may be inconsistent with these pronouncements. Review having been improvidently granted as to issue 2 of the cross-petition, we decline to address the trial court's instructions, or lack thereof, regarding "lighting and safety requirements of vehicles with projecting loads." The matter is remanded to the trial court for further proceedings.

FELDMAN and MOELLER, JJ., and ROBERT J. CORCORAN, Justice (Retired), concur.

MARTONE, Justice, dissenting in part.

There are two very distinct issues in this case. The first is whether the instruction given below was erroneous. The second is what is the appropriate rule of law? Because the instruction given below was erroneous, I join in the judgment of the court. Because I do not subscribe to the court's understanding of the correct rule of law, I cannot join its opinion.

## 1. The Erroneous Instruction

The defendant's argument that a willful or wanton plaintiff has no right to recover finds support in *Southern Pac. Transp. Co. v. Lueck*, 111 Ariz. 560, 574, 535 P.2d 599, 613 (1975):

> [W]e hold, that a plaintiff's wanton contributory negligence may be balanced against the wanton negligence of a defendant so as to bar a recovery in Arizona.

But we noted that an instruction on this principle cannot "suggest that the jury must not return a verdict in favor of the plaintiff," because that would be "contrary to our express holdings in *Heimke v. Munoz*, 106 Ariz. 26, 470 P.2d 107 (1970) and *Layton v. Rocha*, 90 Ariz. 369, 368 P.2d 444 (1962)." *Id.*

*Bauer v. Crotty*, 167 Ariz. 159, 167, 805 P.2d 392, 400 (App.1991), acknowledged this and concluded that one could not instruct a jury "that it 'should' or 'must' return a verdict against such a plaintiff" because it would "violate Ariz. Const. art. 18, § 5." This, I believe, is an appropriate conclusion in light of our holding in *Manhattan–Dickman Constr. Co. v. Shawler*, 113 Ariz. 549, 555, 558 P.2d 894, 900 (1976), that because the word "should" could be construed as obligatory, the word "may" was preferable unless

"the jury was advised that the word 'should' was not used in the obligatory or mandatory sense."

I believe, therefore, that the court of appeals was correct in concluding that the instruction here was erroneous because it told the jury that the plaintiff had no right to any damages and that its "verdict should be for the defendant," *ante*, at 258, 934 P.2d at 1350, and was unaccompanied by any instruction that it was not obligatory. It is for this reason that I join the court in affirming the judgment granting the motion for new trial. But for the reasons that follow, I believe the court's proposed resolution is wrong because it applies article 18, § 5 beyond its own terms.

## 2. The *Bauer / Thude* Conflict

The instruction below was erroneous under both *Bauer* and *Thude*. But *Bauer* and *Thude* had different understandings of the reach of article 18, § 5. The majority agrees with *Thude*. I agree with *Bauer*.

Article 18, § 5 provides that "[t]he defense of contributory negligence ... shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury." [1] The first sentence of A.R.S. § 12–2505(A) acknowledges this. The second sentence applies comparative principles to the contributorily negligent plaintiff. The third sentence, the one at issue here, withholds comparative principles from the intentional, willful or wanton plaintiff. Thus, as to such plaintiffs, the doctrine of contributory negligence applies. That is to say, the action is still an "all or nothing" proposition and the jury is prohibited from applying comparative principles. Both *Bauer* and *Thude* acknowledge this. [2] *Bauer*, 167 Ariz. at 168, 805 P.2d at 401 ("Although A.R.S. § 12–2505(A) eliminated

---

**1.** *Heimke v. Munoz*, 106 Ariz. 26, 28, 470 P.2d 107, 109 (1970), construed this to mean that the jury has not only *"the right to determine the facts, but to apply or not, as the jury sees fit, the law of contributory negligence as a defense."* The propriety of this extraordinary conclusion is not presented in this case, and so I take it as a given here. For more on this see Noel Fidel, *Preeminently a Political Institution: The Right of Arizona Juries To Nullify the Law of Contributory Negligence*, 23 Ariz. St. L.J. 1 (1991).

**2.** In contrast, the majority believes that juries were always free to apply comparative fault even

before comparative fault was adopted. *Ante*, at 260, 934 P.2d at 1352 (Juries were free "to grant plaintiffs a full recovery, no recovery, or *anything in between*.") (emphasis added). I disagree with this premise. *See Hall v. A.N.R. Freight System, Inc.*, 149 Ariz. 130, 136, 717 P.2d 434, 440 (1986) ("Our decisions indicate that prior to the Act jurors had discretion to freely apply or discard contributory negligence as they saw fit, *but only as an all or nothing proposition*.") (emphasis added).

the all-or-nothing principle as applied to ordinary contributory negligence, it remains intact when the jury finds that the plaintiff's contributory negligence was willful or wanton."); *Thude,* 180 Ariz. 531, 538, 885 P.2d 1096, 1103 ("[I]t must be that the all or nothing principles of contributory negligence still apply to the willful and wanton plaintiff. . . . ").

The cases diverge at a single point. *Bauer* acknowledged that the power of a jury under article 18, § 5 is limited to the threshold question of whether or not to apply the defense of contributory negligence. The jury was not free to ignore the third sentence of § 12–2505(A), withholding comparative principles from willful plaintiffs.

In contrast, *Thude,* and the majority here, believe that the jury's power to deal with contributory negligence under article 18, § 5 also extends to ignoring an express statutory exception to comparative principles. The majority believes that article 18, § 5 allows the jury to apply comparative principles to willful and wanton plaintiffs. But there is no authority for expanding jury nullification beyond the express limits of article 18, § 5. The *Bauer* instruction acknowledges the proper reach of article 18, § 5 but keeps it within its terms. The instruction approved here fails to distinguish between the power to choose not to apply the all or nothing defense of contributory negligence under article 18, § 5 and the power to ignore a statute that prohibits the application of comparative principles to a willful plaintiff. This erodes the rule of law beyond anything required by article 18, § 5. I therefore respectfully dissent.