IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

MARK WILLIAM FRANKLIN, *Plaintiff/Appellant*,

*v.*

JASON JOHN CLEMETT, et al., *Defendants/Appellees*.

No. 1 CA-CV 15-0194
FILED 10-25-2016

---

Appeal from the Superior Court in Maricopa County
No. CV2010-033437
The Honorable Dawn M. Bergin, Judge

**AFFIRMED**

---

COUNSEL

Knapp & Roberts, P.C., Scottsdale
By David L. Abney
*Co-Counsel for Plaintiff/Appellant*

Harris, Powers & Cunningham, P.L.L.C., Phoenix
By Joseph D'Aguanno, Frank I. Powers
*Co-Counsel for Plaintiff/Appellant*

Karen L. Lugosi, P.C., Phoenix
By Karen L. Lugosi
*Co-Counsel for Plaintiff/Appellant*

Jones, Skelton & Hochuli, P.L.C., Phoenix
By William D. Holm, Jonathan P. Barnes, Jr.
*Co-Counsel for Defendants/Appellees*

Hill, Hall & DeCiancio, P.L.C., Phoenix
By R. Corey Hill, Ginette M. Hill, Christopher Robbins
*Co-Counsel for Defendants/Appellees*

---

## OPINION

Presiding Judge Patricia K. Norris delivered the opinion of the Court, in which Judge Samuel A. Thumma and Judge Margaret H. Downie joined.

---

**N O R R I S**, Judge:

**¶1**        The controlling issues in this case are whether the affirmative defense of intoxication established by Arizona Revised Statutes ("A.R.S.") section 12-711 (2016) violates the contributory negligence and anti-abrogation provisions of the Arizona Constitution, conflicts with Arizona's comparative fault statutes, or is unconstitutionally vague. We hold A.R.S. § 12-711 is not unconstitutionally or statutorily infirm and, accordingly, affirm the superior court's judgment.

### FACTS AND PROCEDURAL BACKGROUND[1]

**¶2**        On February 14, 2009, Plaintiff/Appellant Mark William Franklin and Defendants/Appellees, Jason John Clemett, Jason's wife, and their friend Daniel Blanchard (collectively, "Defendants") were spectators at a hockey game. During the game, Franklin began to yell profanities and insults at the defendants. Franklin, who was intoxicated, eventually climbed over several rows of seats and stopped two rows above where the Defendants were seated. Blanchard felt a "thud" on his head. His head began to hurt, and he discovered he was bleeding. Blanchard turned around and saw Franklin making obscene gestures and acting "out of control." Franklin started to walk back to his seat, but then returned to where he had been standing above the Defendants. To try to stop Franklin

---

[1]We view the trial evidence in the light most favorable to sustaining the jury's verdict. *Gonzales v. City of Phoenix*, 203 Ariz. 152, 153, ¶ 2, 52 P.3d 184, 185 (2002).

from moving any closer to them, Blanchard punched Franklin in the head. Franklin then spit on the Clemetts, and Jason Clemett responded by punching Franklin twice in the head.

¶3        Franklin sued the Defendants, as relevant here, for negligence. At trial, the Defendants argued Franklin had provoked the altercation and was 100% at fault under comparative fault principles. Over Franklin's objection, the Defendants also raised the affirmative defense of intoxication under A.R.S. § 12-711 ("intoxicating liquor defense"). Section 12-711 reads as follows:

> In any civil action, the finder of fact may find the defendant not liable if the defendant proves that the claimant or, if the claimant is an heir or the estate of a deceased person, the decedent was under the influence of an intoxicating liquor or a drug and as a result of that influence the claimant or decedent was at least fifty per cent responsible for the accident or event that caused the claimant's or decedent's harm.

¶4        Substantially tracking the language of A.R.S. § 12-711, the superior court included the following instruction in its final instructions to the jury:

> If Jason Clemett or Daniel Blanchard proves that Plaintiff Mark Franklin was under the influence of an intoxicating liquor, and as a result of that influence, Mark Franklin was at least fifty percent (50%) responsible for the incident or event that caused his injuries, you may find Defendant Jason Clemett and Defendant Daniel Blanchard not liable to Mark Franklin.

The jury subsequently returned a general verdict in the Defendants' favor.

3

## DISCUSSION[2]

I.    Section 12-711 and Article 18, Section 5, of the Arizona Constitution

**¶5**        Franklin argues the superior court should not have instructed the jury on the intoxicating liquor defense because A.R.S. § 12-711[3] violates Article 18, § 5 of the Arizona Constitution. According to Franklin, A.R.S. § 12-711 is unconstitutional because it compels or at least invites a jury to find a defendant not liable based on proof that the plaintiff was 50% at fault even though Article 18, § 5 grants the jury unlimited discretion to determine the existence and effect of a plaintiff's contributory negligence. Exercising de novo review, we hold A.R.S. § 12-711 does not violate Article 18, § 5. *See State ex rel. Montgomery v. Rogers*, 237 Ariz. 419, 421, ¶ 8, 352 P.3d 451, 453 (App. 2015) (appellate court reviews de novo whether jury instruction correctly states the law) (citation omitted); *Niehaus v. Huppenthal*, 233 Ariz. 195, 197, ¶ 5, 310 P.3d 983, 985 (App. 2013) (appellate court reviews constitutionality of a statute de novo). [4]

---

[2]In a separate memorandum decision, *Franklin v. Clemett et al.*, 1 CA-CV 15-0194 (Ariz. App. October 25, 2016), filed simultaneously with this opinion, *see* Ariz. R. Sup. Ct. 111 and Arizona Rule of Civil Appellate Procedure ("ARCAP") 28, we reject Franklin's remaining arguments and provide additional factual and procedural history.

[3]We cite to the current version of all statutes cited in this opinion because the Legislature has not materially amended them since the time of the altercation, the event giving rise to this action.

[4]Given the general verdict, Defendants argue we do not need to address the constitutionality of A.R.S. § 12-711 because the jury could have found for them for reasons unrelated to the intoxicating liquor defense. When, as in this case, a party is challenging the legality of a jury instruction under Article 18, § 5, Arizona appellate courts have addressed the challenge even though the jury returned a general verdict and its verdict could have been based on other theories or defenses. *See Estate of Reinen v. N. Ariz. Orthopedics, Ltd.*, 198 Ariz. 283, 290-91, ¶¶ 26-28, 9 P.3d 314, 321-22 (2000) (defense verdict vacated and remanded for new trial after jury improperly instructed on assumption of risk in medical malpractice action; court would not assume erroneous instruction did not affect the jury's deliberations); *Salt River Project Agric. Improvement & Power Dist. v. Westinghouse Elec. Corp.*, 176 Ariz. 383, 861 P.2d 668 (App. 1993) (addressing

**¶6**        "The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury." Article 18, § 5. As our supreme court has explained, this provision was designed to ameliorate the harsh consequences of the doctrine of contributory negligence—under which a negligent plaintiff could be barred from any recovery even if his negligence was slight—by requiring the jury to be the sole arbiter of the existence or nonexistence of contributory negligence. *Hall v. A.N.R. Freight Sys., Inc.*, 149 Ariz. 130, 132-33, 717 P.2d 434, 436-37 (1986).

**¶7**        Article 18, § 5 does not guarantee the existence of contributory negligence as a defense, however. *Id.* at 134, 717 P.2d at 438. Instead, Article 18, § 5 is a procedural guarantee, and prescribes the procedure that must be followed if contributory negligence or assumption of risk is asserted as a defense. *Id.* at 134-35, 717 P.2d at 438-39. Thus, "whenever and in whatever form the [contributory negligence] defense *is permitted to exist*, a fact question arises that 'shall, at all times, be left to the jury.'" *Williams v. Thude*, 188 Ariz. 257, 259, 934 P.2d 1349, 1351 (1997) (emphasis added). Accordingly, the Legislature may modify or abolish contributory negligence. *Hall*, 149 Ariz. at 135, 717 P.2d at 439 (citation omitted).

**¶8**        In 1984, the Legislature enacted the Uniform Contribution Among Tortfeasors Act ("UCATA") and adopted comparative fault. *Id.* at 131, 717 P.2d at 435; 1984 Ariz. Sess. Laws, ch. 237, § 1 (codified at A.R.S. § 12-2505 (2016)). In so doing, the Legislature "strip[ped] contributory negligence of its obnoxious common law consequences," but retained the "idea of contributory fault." *Hall*, 149 Ariz. at 135, 717 P.2d at 439. As the supreme court explained in *Hall*, comparative negligence is a way of dealing with a plaintiff's contributory fault, and contributory and comparative negligence operate in tandem. *Id.* at 135-36, 717 P.2d at 439-40. While a jury

> can no longer apply contributory negligence as an automatic bar to recovery, the question of whether contributory negligence exists is still a threshold issue which must be resolved by the jury. The application of comparative negligence is not triggered until the jury determines that

constitutionality of erroneous instruction under Article 18, § 5 even though jury returned general verdict for the defense and could have found for prevailing party on basis not affected by the error).

> contributory negligence exists. Thus the existence of contributory negligence is a prerequisite to the exercise of comparative negligence. The jury's constitutionally protected right to determine the existence or nonexistence of contributory negligence, when asserted, remains the threshold determination triggering application of [UCATA].

*Id.* at 136, 717 P.2d at 440 (citation omitted). Therefore, in a negligence case, "the jury is the sole arbiter of fact and law as to the defenses of contributory and comparative negligence." *Gunnell v. Ariz. Pub. Serv. Co.*, 202 Ariz. 388, 394, ¶ 23, 46 P.3d 399, 405 (2002) (citation omitted).

¶9        In accordance with the foregoing principles, Arizona courts have consistently held that statutes barring liability under statutory or common law principles based on a plaintiff's contributory negligence or assumption of risk violate Article 18, § 5. *Id*. at 394-95, ¶¶ 24-25, 46 P.3d at 405-06 (Legislature may not negate Article 18, § 5 by decreeing that "a negligent actor whose conduct was a cause of injury was the sole cause of the injurious event"); *City of Tucson v. Fahringer,* 164 Ariz. 599, 601-02, 795 P.2d 819, 821-22 (1990) (statute may not provide that "antecedent conduct" of person injured is absolute bar to recovery of damages from person otherwise liable for the injury under either statutory or common law principles); *Schwab v. Matley*, 164 Ariz. 421, 423-25, 793 P.2d 1088, 1090-92 (1990) (same); *Sonoran Desert Investigations, Inc., v. Miller*, 213 Ariz. 274, 141 P.3d 754 (App. 2006) (same). Similarly, jury instructions which compel, direct, or require the jury to find for the defendant if it finds the plaintiff was negligent or assumed the risk also violate Article 18, § 5. *Salt River Project*, 176 Ariz. at 386, 861 P.2d at 671.

¶10        In contrast, statutes that do not bar a negligent plaintiff from all recovery, but allow the jury to exercise discretion in deciding the existence and effect of a plaintiff's negligence will not run afoul of Article 18, § 5. *See Williams*, 188 Ariz. at 259, 934 P.2d at 1351 (although legislature may eliminate contributory negligence "altogether," Article 18, § 5 requires that "whenever and in whatever form the defense is permitted to exist, a fact question arises that 'shall, at all times, be left to the jury'"). Likewise, jury instructions that are "permissive and leave the plaintiff's recovery to the discretion of the jury if it finds that the plaintiff was negligent or assumed the risk" also pass muster under Article 18, § 5. *Salt River Project*, 176 Ariz. at 386, 861 P.2d at 671 (quoting permissive instructions, such as "'[p]laintiff *may* not be entitled to recover and your verdict *may* be for the

defendant,'" "'[y]our verdict *may*, but need not be, in favor of Defendants'")
(citations omitted).

¶11        On its face, A.R.S. § 12-711 is permissive. Contrary to
Franklin's argument, a fact finder "may," but is not compelled to, find a
defendant not liable if it finds the plaintiff was under the influence of an
intoxicating liquor and as a result was at least 50% responsible for the event
that caused his or her harm. Section 12-711 does not, therefore, violate
Article 18, § 5, and the superior court's instruction to the jury was proper.

¶12        Section 12-711 also does not, as Franklin argues,
unconstitutionally "invite" the jury to render a defense verdict by focusing
its attention on the plaintiff's conduct and "imply[ing] to jurors that there
is something significant about a 50% finding." Although A.R.S. § 12-711
calls the jury's attention to the plaintiff's conduct, it does not attempt to
control the jury's decision-making or deprive a plaintiff of a recovery. At
most, it encourages the jury to consider the plaintiff's conduct in deciding
whether to award the plaintiff damages under comparative fault principles.
As our supreme court recognized in discussing a statute that works in the
same manner, such an attempt, by itself, does not violate Article 18, § 5.

¶13        Specifically, in *Williams*, 188 Ariz. at 260, 934 P.2d at 1352, our
supreme court addressed how a jury should be instructed under A.R.S. §
12-2505(A) when there is evidence that the plaintiff's willful or wanton
conduct contributed to the plaintiff's injuries. In addition to implementing
comparative fault, that statute precludes comparative negligence in favor
of a plaintiff who has acted willfully or wantonly. *See* A.R.S. § 12-2505(A)
(claimant has "no right to comparative negligence" if claimant has
"intentionally, willfully or wantonly caused or contributed to the injury or
wrongful death"). Thus, similar to A.R.S. § 12-711, A.R.S. § 12-2505(A) calls
a jury to consider a plaintiff's conduct under comparative fault principles.
The supreme court rejected the argument that in calling the jury's attention
to the plaintiff's conduct, A.R.S. § 12-2505(A) violated Article 18, § 5. The
court explained:

> [The statute] does not purport to exterminate all
> species of contributory negligence . . . .
> Moreover, the statute does not say that the
> wantonly negligent plaintiff *is barred from all*
> *recovery* . . . . Instead, it only attempts to deprive
> such a plaintiff of any benefits that might flow
> from an application of comparative principles.
> At best, then, the statute can be said to have

7

merely modified the contributory negligence
defense.

*Williams*, 188 Ariz. at 259, 934 P.2d at 1351.

**¶14**        The court then approved an instruction that told the jurors "that even though they should not compare fault, they are free to do whatever they choose with respect to the plaintiff's conduct":

> If you find that Plaintiff willfully or wantonly caused Plaintiff's injury, and that Defendant was at fault (but not willfully or wantonly), then you *should* not determine relative degrees of fault, however you *may* find for the Defendant or for the Plaintiff as you see fit.

*Id*. at 258-60, 934 P.2d at 1350-52.

**¶15**        Similar to A.R.S. § 12-2505(A), A.R.S. § 12-711 invites the jury to consider the plaintiff's conduct under comparative fault principles, but it does not directly or indirectly tell the jury it must find the plaintiff's conduct bars all recovery.[5] Accordingly, A.R.S. § 12-711 does not violate Article 18, § 5.

II.        Section 12-711 and Article 18, Section 6, of the Arizona Constitution

**¶16**        Franklin also argues A.R.S. § 12-711 encourages a jury to deny a plaintiff recovery if it finds the plaintiff is 50% at fault and, thus, the statute effectively abrogates a plaintiff's right of recovery in violation of the anti-abrogation clause in Article 18, § 6 of the Arizona Constitution. Article 18, § 6 provides that "[t]he right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to

---

[5]At oral argument in this court, Franklin argued A.R.S. § 12-2505(A), which focuses on willful and wanton conduct by a plaintiff, is not comparable to A.R.S. § 12-711's focus on a plaintiff's intoxication because willful or wanton conduct is akin to intentional misconduct and not a form of negligence. Our supreme court has recognized, however, that willful or wanton conduct is a form of negligence. *Williams*, 188 Ariz. at 259, 934 P.2d at 1351; *DeElena v. S. Pac. Co.*, 121 Ariz. 563, 566, 592 P.2d 759, 762 (1979); *see also* A.R.S. § 12-2506(F)(2) (2016) (defining fault under UCATA as including "negligence in all its degrees"). Thus, A.R.S. § 12-2505(A) does address negligent conduct by a plaintiff and, accordingly, is an appropriate analogue to A.R.S. § 12-711.

any statutory limitation . . . ." Exercising de novo review, *see supra* ¶ 5, we hold the instruction did not violate Article 18, § 6.

**¶17**　　　　Article 18, § 6 prohibits the abrogation of common law negligence actions. *Baker v. Univ. Physicians Healthcare*, 231 Ariz. 379, 387-88, ¶ 34, 296 P.3d 42, 50-51 (2013) (citation omitted). The constitutional provision does not, however, prevent the Legislature from regulating a common law negligence claim as long as it leaves reasonable alternatives permitting a claimant to bring such a claim. *Id.* at 388, ¶¶ 34-35, 296 P.3d at 51 (statute setting qualification standards for admissibility of expert testimony on standard of practice or care did not violate Article 18, § 6) (citations omitted); *Romero v. Sw. Ambulance*, 211 Ariz. 200, 205, ¶ 12, 119 P.3d 467, 472 (App. 2005) (Article 18, § 6 permits regulation) (citations omitted). A statute abrogates a cause of action if it bars a cause of action before it can be brought. *Watts v. Medicis Pharm. Corp.*, 239 Ariz. 19, 27, ¶ 26, 365 P.3d 944, 952 (2016) (citation omitted).

**¶18**　　　　As we explained in *Romero*, A.R.S. § 12-711 does not bar a plaintiff from pursuing any claim, remove the question of liability from the jury, or require a jury to take a particular action. *Romero*, 211 Ariz. at 205, ¶ 11, 119 P.3d at 472 (citations omitted). Section 12-711 does not, therefore, violate Article 18, § 6.

**¶19**　　　　Franklin nevertheless argues *Romero* failed to appreciate that A.R.S. § 12-711 "effectively" abrogates a claimant's claim because it instructs the jury that if it finds what Franklin characterizes as an arbitrary percentage of fault, 50%, it may deprive the claimant of any recovery. *See generally Barrio v. San Manuel Div. Hosp.*, 143 Ariz. 101, 106, 692 P.2d 280, 285 (1984) (Legislature "may not, under the guise of 'regulation,' so affect the fundamental right to sue for damages as to effectively deprive the claimant of the ability to bring the action") (citation omitted).

**¶20**　　　　A statute does not "effectively" abrogate a claim, however, by making it more difficult for the claimant to obtain a recovery or even when, in the claimant's view, it may weaken the claimant's case. *See State Farm Ins. Co. v. Premier Manufactured Sys., Inc.*, 217 Ariz. 222, 229, ¶¶ 35-37, 172 P.3d 410, 417 (2007) (rejecting argument that A.R.S. § 12-2506, which abolished joint and several liability in strict products liability cases, violates Article 18, § 6; abolishing joint and several liability in such cases will not make it impossible for the finder of fact to allocate fault among the participants in the chain of distribution of a defective product, even though it may be difficult to do so in some circumstances); *Governale v. Lieberman*, 226 Ariz. 443, 447-48, ¶¶ 8-11, 250 P.3d 220, 224-25 (App. 2011) (statute limiting

potential expert witnesses a plaintiff may use did not effectively abrogate plaintiff's right of recovery even if, from plaintiff's perspective, it weakened his case by preventing him from using his chosen expert).

**¶21**      Here, as discussed, A.R.S. § 12-711 focuses on a plaintiff's conduct under comparative fault principles. But it does not prevent a plaintiff from obtaining a recovery or "so affect the fundamental right to sue for damages as to effectively deprive the claimant of the ability to bring the action." *Barrio*, 143 Ariz. at 106, 692 P.2d at 285 (citation omitted). Accordingly, as we held in *Romero*, A.R.S. § 12-711 does not violate Article 18, § 6.

### III.      Section 12-711 and UCATA

**¶22**      Franklin argues A.R.S. § 12-711 conflicts with UCATA's requirement that the jury "shall" assess the percentage of fault of each person who contributed to the alleged injury, *see* A.R.S. § 12-2506(B), because it "acts as a trigger" for the jury to assess all fault against the plaintiff, even if the plaintiff was only 50% at fault. As discussed, however, A.R.S. § 12-711 is permissive. S*ee supra* ¶¶ 10-11. Thus, the statute does not restrict the jury's power to consider and assess the fault of all those who contributed to the alleged injury.

### IV.      Section 12-711 and Vagueness

**¶23**      Franklin argues A.R.S. § 12-711 is void for vagueness because the statute fails to define "under the influence" of an intoxicating liquor and thus, a jury is left to speculate on the meaning of "under the influence." Section 12-711, however, is not unconstitutionally vague.

**¶24**      A statute is not void for vagueness simply because it does not define its terms. Rather, a statute is void for vagueness if it does not give a person of "ordinary intelligence a reasonable opportunity to know what is prohibited and fails to contain explicit standards of application to prevent arbitrary and discriminatory enforcement." *State v. Poshka*, 210 Ariz. 218, 220, ¶ 5, 109 P.3d 113, 115 (App. 2005) (quotations omitted) (citing *Grayned v. City of Rockford*, 408 U.S. 104, 108–09, 92 S. Ct. 2294, 2298–99, 33 L. Ed. 2d 222, 227 (1972)); *State v. Brown*, 207 Ariz. 231, 237, ¶ 16, 85 P.3d 109, 115 (App. 2004); *see Verma v. Stuhr*, 223 Ariz. 144, 152, ¶ 29, 221 P.3d 23, 31 (App. 2009*)* (statute must provide person of ordinary intelligence notice of conduct prohibited or required). Section 12-711 meets these requirements.

**¶25**      In 1927, Arizona's DUI laws began to use the phrase "under the influence." *Hasten v. State*, 35 Ariz. 427, 430-31, 280 P. 670, 671 (1929)

(discussing Laws 4th Sp. Sess. 1927, c. 2, subc. 6, § 1); *see also* A.R.S. § 28-1381(A) (2012). And, in 1929, Arizona courts began to consistently interpret that phrase as meaning intoxicated "in the slightest degree." *Weston v. State*, 49 Ariz. 183, 186-89, 65 P.2d 652, 654-55 (1937); *Hasten*, 35 Ariz. at 430-31, 280 P. at 671; *State v. Parker,* 136 Ariz. 474, 474-75, 666 P.2d, 1083, 1083-84 (App. 1983). Beginning with our supreme court's decision in *Hasten*, Arizona courts have consistently recognized that people of ordinary intelligence are able to understand what intoxicated in the slightest degree means, and that a person is intoxicated in the slightest degree when that person "is to some degree at least less able, either mentally or physically or both, to exercise the clear judgment and steady hand necessary" to drive an automobile. *Hasten*, 35 Ariz. at 431, 280 P. at 671; *Weston*, 49 Ariz. at 187, 65 P.2d at 654 (intoxicated in the slightest degree commonly understood as referring to a person "'so affected by intoxicating liquor as not to possess that clearness of intellect and control of himself that he otherwise would have . . . .'") (quoting *State v. Graham*, 222 N.W. 909, 911 (Minn. 1929)).

**¶26** Franklin argues, however, that we should ignore the long established and commonly understood meaning of "under the influence," as intoxicated in the slightest degree, because the Legislature created that standard in the context of Arizona's DUI laws and adopted that standard to protect the public's safety. Although A.R.S. § 12-711 is neither a DUI law nor a public safety statute, Franklin's argument ignores the essential point recognized by our supreme court beginning with *Hasten*—that "under the influence" is commonly understood to mean intoxicated in the slightest degree. Further, Franklin has not demonstrated that this common understanding differs depending on context.

**¶27** Finally, Franklin argues "under the influence" is void for vagueness because it may mean different things to different people.[6] As long as a statute allows a person of ordinary intelligence to reasonably understand what is prohibited or required and does not allow for arbitrary or discriminatory enforcement, it will not be considered unconstitutionally vague even if it is susceptible to different interpretations. *State v. Putzi*, 223

---

[6]For example, Franklin cites Black's Law Dictionary (10th ed. 2014) for the definition of "under the influence," as "deprived of clearness of mind and self-control because of drugs or alcohol." Franklin also cites other definitions found in non-legal dictionaries: "affected by alcoholic drink" or "drunk"; "intoxicated, especially with alcohol"; "in an intoxicated condition"; and "implies that one is not completely drunk."

Ariz. 578, 579, ¶ 4, 225 P.3d 1154, 1155 (App. 2010) (quotations and citations omitted).

**¶28** *State v. Coulter*, 236 Ariz. 270, 339 P.3d 653 (App. 2014), illustrates these points. There, the defendant argued the aggravating circumstance of "emotional harm" listed in A.R.S. § 13-701(D)(9) (2014) was vague because the statute did not define it and it could mean different things to different people. *Id*. at 273-74, ¶¶ 4-7, 339 P.3d at 656-57. We held "emotional harm" was not void for vagueness. *Id*. at 274, ¶ 7, 339 P.3d at 657. We explained "emotional harm" had a commonly understood meaning, and observed that a statute is not vague even though it is broad and it may be difficult to decide whether certain marginal conduct falls within it. *Id*.

**¶29** Here, as in *Coulter,* "under the influence" has a commonly understood meaning and, although different people may evaluate "under the influence" in different ways, that by itself does not make A.R.S. § 12-711 void for vagueness. *See Putzi*, 223 Ariz. at 579, ¶ 4, 225 P.3d at 1155. And, as we explain below, this is not a case in which the jury was presented with marginal conduct. The Defendants presented ample evidence from which the jury could have found that Franklin was "under the influence" as defined by our DUI statutes or by any of the other definitions cited by Franklin.

V.    Sufficiency of the Evidence

**¶30** Franklin argues the superior court should not have instructed the jury on the intoxicating liquor defense because the Defendants did not present any competent evidence he was under the influence of an intoxicating liquor. In making this argument, he stresses he was not subjected to a blood or breath test that would have measured the alcohol concentration of his blood, and points out that under our state DUI laws, a person who has a blood alcohol concentration within two hours of driving of .05 or less is presumed to not be under the influence. A.R.S. § 28-1381(G)(1). We reject this argument for several reasons.

**¶31** First, A.R.S. § 12-711 does not require proof of a person's blood alcohol concentration. Second, the statutory presumption created by A.R.S. § 28-1381(G)(1) has no application in this case, and even if it did, the presumption does not limit a party from introducing other competent evidence showing that a person was under the influence. Indeed, A.R.S. § 28-1381(H) expressly states that the statutory presumption "does not limit the introduction of any other competent evidence bearing on the question

of whether or not the defendant was under the influence of intoxicating liquor."

¶32　　　　Third, the Defendants presented ample evidence Franklin was under the influence of an intoxicating liquor before the altercation. At trial, a detective, who worked as a security guard at the arena on the night of the altercation and had DUI training, testified he "detected a moderate to strong odor" of alcohol on Franklin's breath and that Franklin "appeared to be somewhat under the influence of alcohol." The detective described Franklin as being in the "middle" of a spectrum of being under the influence. The detective also testified, without objection, that a witness to the altercation described Franklin as a "loud drunk."

¶33　　　　Another witness testified he saw Franklin drinking alcohol during the game and described him as being loud and obnoxious. And a third witness, who was sitting behind Clemett and Blanchard, testified Franklin appeared intoxicated and exhibited no self-control.

¶34　　　　Given this evidence, the superior court properly instructed the jury on the intoxicating liquor defense. *A Tumbling-T. Ranches v. Flood Control Dist. of Maricopa Cty.*, 222 Ariz. 515, 533-34, ¶ 50, 217 P.3d 1220, 1238-39 (App. 2009) (party entitled to have the jury instructed on any theory reasonably supported by evidence) (citation omitted); *State v. Johnson*, 205 Ariz. 413, 417, ¶ 10, 72 P.3d 343, 347 (App. 2003) (appellate court reviews superior court's decision to give an instruction for abuse of discretion).

## CONCLUSION

¶35　　　　For the foregoing reasons, we affirm the superior court's judgment in favor of the Defendants. As the prevailing parties on appeal, we award the Defendants their costs on appeal contingent upon their compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:　AA