IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ERIC JAMES COULTER, *Appellant.*

No. 1 CA-CR 13-0319
FILED 12-11-2014

Appeal from the Superior Court in Maricopa County
No.  CR2011-153509-002
The Honorable M. Scott McCoy, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By W. Scott Simon
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Stephen Whelihan
*Counsel for Appellant*

**OPINION**

Judge Samuel A. Thumma delivered the opinion of the Court, in which
Presiding Judge Margaret H. Downie and Judge Andrew W. Gould joined.

**T H U M M A**, Judge:

**¶1**　　　　Eric James Coulter appeals from his aggravated prison sentence for manslaughter, challenging the application of the statutory aggravating circumstance of "emotional or financial harm to the victim's immediate family" and the requirement he pay for his own DNA testing. Although this court vacates the requirement that he pay for his own DNA testing, in all other respects Coulter's conviction and sentence are affirmed.

## FACTS AND PROCEDURAL HISTORY

**¶2**　　　　A jury convicted Coulter of manslaughter, a Class 2 felony and a dangerous and domestic violence offense, after he killed his former girlfriend by shooting her in the face with a rifle at close range. The jury then found as an aggravating circumstance that, as a result of Coulter's conduct, "the victim's immediate family suffered . . . emotional or financial harm" pursuant to Arizona Revised Statutes (A.R.S.) section 13-701(D)(9) (2014).[1] Finding an aggravated sentence was appropriate, the superior court sentenced Coulter to 21 years in prison. *See* A.R.S. §§ 13-1103(C); 13-704(A). From Coulter's timely appeal, this court has jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and A.R.S. §§ 12-120.21(A), 13-4031 and -4033.

## DISCUSSION

**¶3**　　　　Coulter argues (1) "emotional or financial harm" is unconstitutionally vague; (2) the State failed to present sufficient evidence proving financial harm and (3) the verdict form listing "emotional or financial harm" in a single finding deprived him of a unanimous verdict.[2]

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[2] The jury also found the offense was "dangerous" and a "domestic violence" offense. As noted by the superior court, these findings reflect the nature of the offense, which defines the proper sentencing range. *See* A.R.S. §§ 13-105(13) (defining "[d]angerous offense"); 13-704 (sentencing range for "dangerous offense"); 13-3601(A) (defining "[d]omestic violence"). Accordingly, this court rejects Coulter's argument that the superior court used the "dangerous" and "domestic violence" findings when imposing an *aggravated* sentence (as opposed to determining the appropriate sentencing *range*).

Because Coulter did not raise these issues with the superior court, the review on appeal is for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 568 ¶ 22, 115 P.3d 601, 608 (2005); Ariz. R. Crim. P. 21.3(c) cmt. Accordingly, Coulter "bears the burden to establish that (1) error exists, (2) the error is fundamental, and (3) the error caused him prejudice." *State v. James*, 231 Ariz. 490, 493 ¶ 11, 297 P.3d 182, 185 (App. 2013) (quotations and citations omitted).

## I.     **The Constitutionality Of A.R.S. § 13-701(D)(9).**

**¶4**        Coulter argues "emotional or financial harm" as used in A.R.S. § 13-701(D)(9) is unconstitutionally vague because it fails to provide fair notice of what the law forbids; allows for arbitrary and discriminatory enforcement; and provides the fact-finder no standards for, and permits unlimited discretion in, its application. "One to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker v. Levy*, 417 U.S. 733, 756 (1974); *accord State v. Musser*, 194 Ariz. 31, 32 ¶ 5, 977 P.2d 131, 132 (1999) (citing cases). The State argues that the statute clearly applies to Coulter and, although posing rhetorical questions about minimal harms, Coulter does not argue the victim's family here suffered minimal harms. In the circumstances, however, and because the issue arises with some frequency, this court assumes *arguendo* that Coulter has standing to press his vagueness claim.

**¶5**        Interpretation of a statute is a question of law, which this court reviews de novo. *Pima Cnty. v. Pima Cnty. Law Enforcement Merit Sys. Council*, 211 Ariz. 224, 227 ¶ 13, 119 P.3d 1027, 1030 (2005). "'[T]he best and most reliable index of a statute's meaning is its language and, when the language is clear and unequivocal, it is determinative of the statute's construction.'" *State v. Hansen*, 215 Ariz. 287, 289 ¶ 7, 160 P.3d 166, 168 (2007) (citation omitted). The court must assign to each word its "usual and commonly understood meaning" unless the Legislature "clearly intended" otherwise. *Bilke v. State*, 206 Ariz. 462, 464 ¶11, 80 P.3d 269, 271 (2003) (quotations and citation omitted). Because the Legislature did not define "emotional or financial harm," the court "give[s] effect to the words and phrases in accordance with their commonly accepted meaning." *State v. Barr*, 183 Ariz. 434, 438, 904 P.2d 1258, 1262 (App. 1995); *accord* A.R.S. § 1-213 ("Words and phrases shall be construed according to the common and approved use of the language."). This court has an obligation to interpret statutes so as to uphold their constitutionality when possible. *State v. Getz*, 189 Ariz. 561, 565, 944 P.2d 503, 507 (1997).

¶6         "A statute is unconstitutionally vague if it does not give persons of ordinary intelligence a reasonable opportunity to learn what it prohibits and does not provide explicit instructions for those who will apply it." *State v. McMahon*, 201 Ariz. 548, 551 ¶ 7, 38 P.3d 1213, 1216 (App. 2002) (citing *Grayned v. City of Rockford*, 408 U.S. 104, 108–09 (1972)). Although due process requires fair notice, it "'requires neither perfect notice, absolute precision nor impossible standards. It requires only that the language of a statute convey a definite warning of the proscribed conduct.'" *Bird v. State*, 184 Ariz. 198, 203, 908 P.2d 12, 17 (App. 1995) (citation omitted). The fact that a legislative body could have crafted a more precise and clear statute does not mean the statute enacted is unconstitutionally vague. *United States v. Powell*, 423 U.S. 87, 94 (1975). When, as here, there is no First Amendment challenge, a vagueness claim "'must be examined in the light of the facts of the case at hand.'" *Id.* at 92 (quoting *United States v. Mazurie*, 419 U.S. 544, 550 (1975)).

¶7         Coulter argues "'[e]motional harm' is vague because the law provides no definition of the term and because it means widely varying things to different people." As commonly understood, "emotion" includes "'a state of feeling'" or "'a conscious mental reaction'" that one may subjectively experience as a strong feeling, *McCauley v. Univ. of the Virgin Islands*, 618 F.3d 232, 250 (3rd Cir. 2010) (citation omitted), and "harm" includes to injure, hurt or damage, *Babbitt v. Sweet Home Chapter of Comtys. for a Great Oregon*, 515 U.S. 687, 697 (1995). Both the Legislature, in statutes, and the Arizona Supreme Court, in court rules, have used "emotional harm" in various contexts without undue mischief.[3] As commonly understood in the civil law context, "'[e]motional harm' means impairment or injury to a person's emotional tranquility." Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 45 (2012). "Emotional harm is distinct from bodily harm. . . . [and] encompasses a variety of mental states, including fright, fear, sadness, sorrow, despondency, anxiety, humiliation, depression (and other mental illnesses), and a host of other detrimental—

---

[3] *See, e.g.*, A.R.S. § 13-3623(F)(3) (using "emotional harm" to define "emotional abuse" in criminal vulnerable adult statute); A.R.S. § 25-315(C)(1) (using threat of "emotional harm" as basis for injunctive relief in family court); A.R.S. § 46-292(F)(1) (providing good cause for failure to cooperate in child support enforcement efforts includes where cooperation may result in "emotional harm"); Ariz. R. Fam. L.P. 7(A) (allowing protection of party's address to prevent "emotional harm"); Ariz. R. Fam. L.P. 13(A) (allowing proceedings to be closed to protect parties from "emotional harm").

from mildly unpleasant to disabling—mental conditions." *Id.* § 45 cmt. a. Although a broad phrase, any emotional harm found by the jury will suffice to meet the requirement of A.R.S. § 13-701(D)(9). Accordingly, Coulter has failed to show that the phrase is unconstitutionally vague.

**¶8**        Coulter argues "'[f]inancial harm' is unconstitutionally vague because it includes no standards for determining what amount of financial harm constitutes an aggravating circumstance," allowing a jury to "find financial harm" for "any financial loss, of even just a penny." If the Legislature wanted to set a minimum dollar value for a jury to find "financial harm," it clearly could have done so. *See, e.g.*, A.R.S. §§ 13-1602(B) (classifying criminal damage based on dollar value of damage); 13-1802(G) (similar for theft); 13-2105(B) (similar for fraudulent use of credit card). Because the Legislature did not do so, *any* pecuniary damage to the victim's family caused by a defendant will support a finding of financial harm under A.R.S. § 13-701(D)(9). As with emotional harm, Coulter has failed to show that the phrase financial harm, though broad, is unconstitutionally vague.

**¶9**        Coulter argues that "the results of virtually any crime involving a victim include some sort of negative feelings and some amount of financial loss." By using "emotional or financial harm" as commonly understood, the statute authorizes a finding of any harm of an emotional or financial nature to the victim's immediate family as an aggravating circumstance for sentencing. Whether an arguably inconsequential or otherwise de minimis harm will suffice is a question for the jury. A statute is not vague simply because it is broad or that there may be difficulty in deciding whether certain marginal conduct falls within the scope of the statute. *Parker v. Levy*, 417 U.S. 733, 757 (1974).[4]

**¶10**        Finally, this is not a case where Coulter received an aggravated sentence based on "'[a]ny other factors which the court may deem appropriate to the ends of justice.'" *State v. Schmidt*, 220 Ariz. 563, 566

---

[4] Relying on *State v. Bly*, 127 Ariz. 370, 372, 621 P.3d 279, 281 (1980), Coulter claims such a reading of the statute would "run afoul of Arizona's 'complex, multi-step sentencing scheme,' under which the presumptive sentence 'is to be imposed on the vast majority of first offenders who commit the crime.'" Here, however, the Legislature authorized the superior court to exercise its discretion "in fitting punishment to the circumstances of the particular crime and the individual defendant." *Bly*, 127 Ariz. at 371–72, 621 P.2d at 280–81. Thus, the sentence imposed on Coulter, which is authorized by statute, is consistent with the Legislature's sentencing scheme.

¶¶ 8, 9, 208 P.3d 214, 217 (2009) (addressing "patently vague" catchall sentencing aggravating circumstance in A.R.S. § 13-702(D)(13) (1991)). Unlike *Schmidt*, neither the jury nor the superior court had "virtually unlimited post hoc discretion to determine whether [Coulter's] prior conduct is the functional equivalent of an element of the aggravated offense." 220 Ariz. at 566 ¶ 10, 208 P.3d at 217. Coulter had fair notice, before he killed the victim, that he could face an aggravated sentence if he caused the victim's family to suffer emotional or financial harm by committing the offense. Accordingly, Coulter has not shown that the phrase "emotional or financial harm" as used in A.R.S. § 13-701(D)(9) is unconstitutionally vague.

## II.    Sufficiency Of The Evidence Of Financial Harm.

¶11      Coulter argues the evidence was insufficient to support a verdict that the victim's family suffered financial harm because "there was a complete absence of any evidence of the amount of financial harm resulting to anyone from the offenses." Coulter asserts "that some evidence of the amount of loss" is required and because no evidence was received quantifying the loss, the jury's verdict was not supported by sufficient evidence.

¶12      This court will affirm a verdict finding an aggravating circumstance if the record contains substantial evidence to support the finding, viewing the facts in a light most favorable to sustaining the verdict. *State v. Gunches*, 225 Ariz. 22, 25 ¶ 14, 234 P.3d 590, 593 (2010). "'Substantial evidence is such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of [the] defendant's guilt beyond a reasonable doubt.'" *Id.* (quoting *State v. Roque*, 213 Ariz. 193, 218 ¶ 93, 141 P.3d 368, 393 (2006)).

¶13      Here, the victim's mother testified that her family suffered financial harm by paying for the costs associated with the victim's funeral. The victim's mother was not asked about specific numbers when discussing financial harm. She testified, however, that insurance did not cover all costs associated with the victim's funeral and that she paid for some of those costs, including transportation of the victim's body. This evidence was adequate to support the jury's finding beyond a reasonable doubt that the victim's family suffered financial harm.

## III.    The Verdict Regarding Emotional Or Financial Harm.

¶14      The jury's verdict tracked the statutory language in finding that Coulter "caused emotional or financial harm to the victim's family." Coulter argues that, because the verdict used the term "or," it is impossible

to know whether individual jurors found the harm was financial, emotional or both.

**¶15**        "A jury must find an aggravating circumstance unanimously." *State v. Anderson*, 210 Ariz. 327, 355 ¶ 126, 111 P.3d 369, 397 (2005). When the evidence is sufficient to satisfy each alternative prong of an aggravating circumstance, there is no error in failing to have the jury specify which alternative prong it relied upon to determine the existence of that circumstance. *See id*. at 355–56 ¶¶ 127–30, 111 P.3d at 397–98. The concern Coulter raises, however, could be obviated by requiring the jury to make separate findings as to each alternative prong of the "emotional or financial harm" aggravating circumstance. *Id*. at 356 ¶ 131, 111 P.3d at 398. As noted in *Anderson*, the superior court "may easily avoid this problem by requiring juries to make separate findings as to each prong," i.e., separate verdict inquiries addressing (1) emotional harm and (2) financial harm. *Id.* Because that did not occur, however, the issue is whether the trial evidence was sufficient to satisfy each alternative prong of the "emotional or financial harm" aggravating circumstance.

**¶16**        The evidence regarding financial harm is summarized above. For emotional harm, the jury heard evidence that the victim's mother and younger sister were distraught, crying and in shock when they learned of the victim's death. The victim's mother testified her life had not been the same after the death of her daughter; that she had trouble sleeping and eating; that she had nightmares from which she woke up screaming and that she had sought medical help and continued to participate in grief therapy. The victim's mother also testified about the impact the crime had on the victim's younger sister. Because the evidence was sufficient to prove both emotional *and* financial harm beyond a reasonable doubt, there was no error in the verdict finding Coulter caused emotional or financial harm to the victim's family. *See id.* at 355–56 ¶ 128, 111 P.3d at 397–98.

IV.     **The Order To Pay For DNA Testing.**

¶17         Coulter argues the superior court erred in ordering him to pay for his own DNA testing pursuant to A.R.S. § 13-610. The State concedes error on the point. *See State v. Reyes*, 232 Ariz. 468, 472 ¶ 14, 307 P.3d 35, 39 (App. 2013). Accordingly, pursuant to *Reyes*, which was issued after Coulter was sentenced, the sentence is modified to delete the requirement that Coulter pay for the cost of DNA testing

## CONCLUSION

¶18         Although the requirement that Coulter pay for the cost of his DNA testing is vacated, in all other respects Coulter's conviction and sentence are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: gsh