NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TIFFANY SOLANO WILLIAMS, *Appellant.*

No. 1 CA-CR 21-0592
FILED 9-27-2022

Appeal from the Superior Court in Maricopa County
No.  CR 2020-114989-001
The Honorable Dewain D. Fox, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Karen Moody
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Damon A. Rossi
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge Paul J. McMurdie joined.

---

**C A M P B E L L**, Judge:

¶1        Tiffany Williams was convicted of two counts of aggravated assault, both class 3 dangerous felonies and domestic violence offenses. *See* A.R.S. §§ 13-1203, -1204, -704. The jury also found four aggravating circumstances applied for sentencing enhancement purposes. *See* A.R.S. § 13-701. Williams was sentenced to a presumptive term of 7.5 years for both counts, to run concurrently. Williams appeals the superior court's sentencing order, and for the following reasons, we affirm.

**BACKGROUND**[1]

¶2        In the spring of 2020, Williams, her three daughters, and her boyfriend were visiting her half-sister (female victim) and half-brother (male victim), who also occasionally stayed in the female victim's apartment. The family stayed with female victim for about a week before they moved to a hotel. One of Williams' daughters stayed with the female victim rather than move to the hotel with her mother.

¶3        When Williams returned to pick up her daughter, she began to argue with the female victim, who asked Williams to leave. Williams refused, and ultimately both victims pushed Williams out of the apartment. A physical altercation ensued, and Williams' boyfriend joined in the fray, attacking the male victim while Williams began wrestling on the ground with the female victim. A neighbor overheard the fight, came outside, and separated the women.

¶4        As the men continued fighting, Williams approached the two with a knife, stabbing the male victim in his abdomen. He fell to the ground, at which time Williams turned her attention back to the female victim, swinging and waving the knife in her face. At some point, Williams changed course, returning to the prone male victim and stabbed him three

---

[1]        We view the facts in the light most favorable to sustaining the verdict. *See State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

more times. Williams fled to her car, parked in the apartment complex's parking lot.

¶5        When officers arrived, they found Williams inside her car in the parking lot. In a subsequent search of Williams' vehicle, officers found a pair of scissors and a sheath containing two knives. The items were tested for biological matter, but they did not contain any of the male victim's blood or DNA. Officers also searched the area in and around the apartment but recovered no other weapons. The weapon used to stab the victim was never found.

¶6        The State charged Williams with two counts of aggravated assault, both class 3 dangerous felonies and domestic violence offenses. A.R.S. §§ 13-1203, -1204, -704. For count 1, the State alleged that Williams used a knife, deadly weapon, or dangerous instrument and caused physical injury to the male victim. For count 2, the State alleged that Williams used a knife, deadly weapon, or dangerous instrument and placed the female victim in reasonable apprehension of imminent physical injury. The State also filed an allegation of aggravating circumstances, alleging the following:

> 1.        The offenses involved the infliction or threatened infliction of serious physical injury. A.R.S. § 13-701(D)(1).
>
> 2.        The offenses involved the use, threatened use, or possession of a deadly weapon or dangerous instrument. A.R.S. § 13-701(D)(2).
>
> 3.        The offenses caused physical, emotional, or financial harm to the victim. A.R.S. § 13-701(D)(9).
>
> 4.        The offenses were committed in the presence of a child and any of the circumstances outlined in A.R.S. § 13-3601 exist. A.R.S. § 13-701(D)(18) (domestic violence aggravator).

¶7        After a seven-day trial, the jury returned guilty verdicts on both counts. The jury also found four aggravating circumstances were established for count 1: (1) the offense involved infliction or threat of serious physical injury, (2) the offense involved a deadly weapon or dangerous instrument, (3) the offense caused physical, emotional, or financial harm to the male victim, and (4) the offense was committed in the presence of a child, and the victim is related to the defendant by blood. As to count 2, the jury found the first 3 circumstances proven but found that 4 was not proven.

¶8 At the sentencing hearing, the superior court weighed the four aggravating circumstances against the mitigating factors that Williams suffered a traumatic childhood and experienced mental-health issues. In doing, so the court explained that it "will give significant weight to the offense causing physical[,] financial[,] or emotional harm to the victim[s], and that the offense[s] involved the infliction or threatened infliction of serious physical injury." The court also explained that it would not "give much weight at all to the offense involved in the use, threatened use or possession of a deadly weapon or dangerous instrument during the commission of the crime, because this is already designated as a dangerous offense [and] the sentencing range already takes that into account." The court found that the mitigating factors did not outweigh the aggravating circumstances and sentenced Williams to a presumptive term of 7.5 years on both counts to run concurrently. Williams timely appealed.

**DISCUSSION**

**I.     A.R.S. § 13-701(D)(2)**

¶9 Williams argues that the superior court erred by considering the offenses involved the use or threatened use of a dangerous instrument or deadly weapon. The superior court may consider whether the "[u]se, threatened use or possession of a deadly weapon or dangerous instrument during the commission of the crime" and impose an aggravated sentence accordingly. A.R.S. § 13-701(C), (D)(2). But the court may not consider the (D)(2) aggravating circumstance if the use, threatened use, or possession of a deadly weapon or dangerous instrument "is an essential element of the offense of conviction or has been utilized to enhance the range of punishment under § 13-704." A.R.S. § 13-701(D)(2). Section 13-704(A) provides an enhanced sentencing range for a felony conviction "that is a dangerous offense." A dangerous offense is "an offense involving the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument or the intentional or knowing infliction of serious physical injury on another person." A.R.S. § 13-105(13).

¶10 Williams argues that the superior court's error in considering the (D)(2) aggravating circumstance was fundamental because the court used an impermissible factor in sentencing. Williams asserts that the proper standard of review is harmless error. But, Williams did not object to the State's allegation of aggravating circumstances under A.R.S. § 13-701(D)(2) at any point before or during the trial. Thus, we review for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). The defendant has the burden to show that fundamental error exists and that the error was

prejudicial. *Id*. at ¶ 20. "A defendant establishes fundamental error by showing that (1) the error went to the foundation of the case, (2) the error took from the defendant a right essential to his defense, or (3) the error was so egregious that [s]he could not possibly have received a fair trial." *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018). Whether an error is prejudicial is fact specific and dependent on "the nature of the error." *Id*. at 144, ¶ 29. We agree that the court's failure to dismiss the (D)(2) aggravating circumstance constitutes fundamental error. *See* A.R.S. § 13-701(D)(2).

¶11 The State argues that even if the court impermissibly considered the (D)(2) aggravating circumstance, Williams cannot show resulting prejudice. The State cites *State v. Munninger* for the proposition that speculation about a lower sentence is not enough to show prejudice. 213 Ariz. 393, 397, ¶ 14 (App. 2006). In *Munninger*, the court considered a prohibited aggravating circumstance and sentenced the defendant to an aggravated and enhanced sentence. *Id*. at 395, ¶ 1. The defendant speculated that his sentence may have been different had the court not considered the prohibited circumstance. *Id*. at 397, ¶ 14. The court rejected this argument, finding that the defendant did not meet his burden to show prejudice because no evidence supported the proposition that the sentence may have been lighter. *Id*. The State contends the court did not consider the (D)(2) circumstance during sentencing because the court gave the circumstance "little weight" given that A.R.S. § 13-704 accounted for the use or threatened use of a deadly weapon or dangerous instrument.

¶12 Williams argues that she suffered prejudice because the record shows that the superior court could have imposed a lesser sentence, absent consideration of the aggravating circumstance. Indeed, a case must be remanded "[w]hen it is unclear whether the judge would have imposed the same sentences absent the inappropriate factor." *State v. Pena*, 209 Ariz. 503, 509, ¶ 24 (App. 2005) (internal quotation and citation omitted). But here, the jury found four aggravating factors applied to count 1 and three aggravating factors applied to count 2. The record shows that the court relied heavily on aggravating circumstances other than the (D)(2) circumstance, especially given the (D)(2) aggravating circumstance was already addressed under the sentencing enhancement. More importantly, the court sentenced Williams to a presumptive sentence, not an aggravated sentence. *See State v. Ramsey*, 211 Ariz. 529, 543, ¶ 45 n.7 (App. 2005) (noting that given "the number of additional aggravating factors the trial court cited and the court's imposition of a presumptive sentence, the record clearly show[ed] the trial court would have reached the same result even without consideration of the [arguably] improper factor" (internal quotation and citation omitted)). Nothing in the record supports Williams'

speculation that without the court's consideration of the (D)(2) aggravating factor, she would have received a lesser sentence.

## II.    A.R.S. § 13-701(D)(9)

¶13        Williams next argues that the superior court also improperly considered the aggravating factor under A.R.S. § 13-701(D)(9) (physical, emotional, or financial harm). She also argues that the court "double counted" the physical harm element relating to count 1 involving the male victim because the State alleged, and the jury found, the aggravating circumstance of serious physical injury under A.R.S. § 13-701(D)(1). We disagree and address each argument below.

### A.    Sufficiency of the Evidence

¶14        Williams argues that there was insufficient evidence to support the court's finding that both victims suffered emotional or physical harm.[2] We review a challenge to the sufficiency of the evidence de novo. *See State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). We "will affirm a verdict finding an aggravating circumstance if the record contains substantial evidence to support the finding, viewing the facts in a light most favorable to sustaining the verdict." *State v. Coulter*, 236 Ariz. 270, 275, ¶ 12 (App. 2014). "Evidence is sufficient to support the finding of an aggravating circumstance if reasonable persons could conclude it establishes the circumstance beyond a reasonable doubt." *Payne*, 233 Ariz. at 520, ¶ 163.

¶15        Regarding the female victim, Williams argues that the use of the (D)(9) aggravator (suffering physical, emotional, or financial harm) "contradicts reality" because she did not suffer any physical harm. But physical harm is not the only consideration under this statute. The court must consider if the victim suffered physical, emotional *or* financial harm because of the criminal conduct. The proof of one factor is enough to sustain a finding of aggravation under this statute.

¶16        Here, the female victim suffered emotional harm as a result of the attack. Emotional harm under A.R.S. § 13-701(D)(9) "encompasses a variety of mental states, including fright, fear, sadness, sorrow, despondency, anxiety, humiliation, depression (and other mental illnesses),

---

[2]    Williams also argues that no evidence supports the financial injury prong of A.R.S. § 13-701(D)(9). We agree and the State concedes that it "eliminated the financial harm prong from consideration." Because sufficient evidence supports the jury's findings for physical or emotional harm, we need not address the third independent factor, financial injury.

and a host of other detrimental-from mildly unpleasant to disabling-mental conditions." *Coulter*, 236 Ariz. at 274, ¶ 7 (citation omitted). The State presented evidence that female victim experienced emotional harm: she was anxious and upset when officers arrived on the scene and was so traumatized by the events that she vomited twice. The officer's body camera footage showed she was visibly upset and crying at the scene. And at trial, she testified that when Williams waved the knife in her face, she backed away, repeatedly telling Williams to stop. The female victim testified she was in fear for her life and the life of the male victim, who was lying in a pool of his blood. Sufficient evidence supports the jury's finding that the female victim suffered emotional harm, including fright, fear, anxiety, and stress.

¶17 Williams argues that any finding of emotional harm should only apply to the male victim because the superior court never specified that a finding of emotional harm applied to both victims. Aggravating circumstances must be a unanimous verdict from the jury. *Coulter*, 236 Ariz. at 275, ¶ 15. But the superior court need not instruct the jury to identify which prong of the inquiry under A.R.S. § 13-701(D)(9) it relied on to determine whether the circumstance exists. *See id*. And here, the State did not argue financial or physical harm concerning the female victim. The jury could *only* rely on the emotional harm factor to support a finding that the (D)(9) aggravating circumstance was established as it related to count 2 and the female victim.

¶18 Williams also argues that the male victim did not testify about experiencing emotional harm, and the superior court erred in allowing the jury to draw any inference about his emotional harm. Williams contends that under *Pena*, a court may not "guess" whether a victim suffered emotional harm. In *Pena*, the superior court found emotional harm to the victim as an aggravating factor. 209 Ariz. at 507, ¶ 17. On appeal, this court found the record did not contain any "statements by the victim at sentencing" or any "statements in the presentence report relating to emotional harm." *Id*. at 508, ¶ 17. Unlike *Pena*, here, the record contains evidence of the male victim's emotional harm. He testified that he was "pleading" with Williams to stop stabbing him and a witness testified that she comforted him while they waited for police to come. The State also introduced body camera footage showing the male victim lying on the ground, bleeding, moaning, and crying in pain. On this record, there is sufficient evidence to support a finding that the male victim suffered emotional harm as a result of the criminal conduct perpetrated by Williams.

### B.     Physical Injury

**¶19**          Williams argues that the superior court erred in "double counting" the physical injury aggravating factor under A.R.S. § 13-701(D)(9) because the jury also found that A.R.S. § 13-701(D)(1) (infliction or threatened infliction of serious physical injury) was established. Because Williams did not object to the State's allegation of the (D)(9) aggravating circumstance at trial, we review for fundamental error. *See Henderson*, 210 Ariz. at 567, ¶ 19.

**¶20**          Williams contends that it was improper for the superior court to give "significant weight" to both the (D)(9) and (D)(1) factors because the court "relied" on the male victim's injuries for both findings. The record belies this contention. At the sentencing hearing, the court stated: "Regarding the aggravating factors, I will give significant weight to the offense causing *physical[,] financial[,] or emotional harm* to the victim, and that the offense involved the infliction or threatened infliction of serious physical injury." (Emphasis added). In balancing the aggravating circumstances and mitigating factors, the court reasoned that "the harm that was caused here was significant harm to her brother. They were potentially life threatening injuries. And I give a lot of weight to that."

**¶21**          The superior court did not make a specific finding that it was relying on physical injury in finding the (D)(9) aggravating circumstance had been met. Instead, the court stated that the offense caused physical, financial, *or* emotional harm. And the court's later mention of the male victim's injuries occurred when it weighed the aggravating circumstances and mitigating factors—*after* the aggravating circumstances had been found. The record does not support Williams' contention that the court "double counted" the male victim's physical injuries, and the court could have relied solely on the male victim's emotional harm independent of his physical injury. *State v. Carlson*, 237 Ariz. 381, 387, ¶ 7 (2015) ("We will affirm the trial court's ruling if the result was legally correct for any reason."(internal quotation and citation omitted)). Accordingly, we find no fundamental error occurred.

## CONCLUSION

**¶22**        For the foregoing reasons, we affirm Williams' convictions and sentences.

