NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

OMAR EVARISTO VALENZUELA ARELLA, *Appellant*.

No. 1 CA-CR 24-0494

FILED 12-24-2025

Appeal from the Superior Court in Maricopa County
No. CR2023-008099-001
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eliza C. Ybarra
*Counsel for Appellee*

Vingelli & Company, Law Offices, PLLC, Scottsdale
By John N. Vingelli
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Anni Hill Foster and Judge Veronika Fabian joined.

---

**M O R S E**, Judge:

¶1        Omar Evaristo Valenzuela Arella ("Arella") appeals from his conviction of misconduct involving weapons and from the sentences imposed for multiple drug offenses.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND[1]

¶2        On January 6, 2023, several police officers from a narcotics investigation task force watched a black Ford park next to a brown Nissan. The Nissan driver got into the Ford briefly, removed a red box from the Ford, and then took it into the Nissan and drove away.  The Ford drove away in a different direction.  An officer performed a traffic stop on the Nissan and found two one-pound bricks of methamphetamine in a red Coca-Cola box.

¶3        Later that day, an officer followed the Ford to an apartment complex on West Osborn Road.  The officer took multiple photos of Arella getting out of the Ford.  Arella then left the complex in a white Honda. Officers lawfully stopped the Honda, detained Arella, and took his cell phone, wallet, keys to Apartment 218 at that West Osborn Road apartment complex ("Apartment 218"), and keys to an Apartment 233 for a nearby apartment with a different West Osborn Road street address ("Apartment 233").

¶4        Officers later served search warrants at both apartments.  In Apartment 218, the officers found approximately 25 pounds of methamphetamine, four pounds of heroin, seven pounds of fentanyl powder, and over 15,000 fentanyl pills.  The drugs were worth around $225,000.  The officers also found $10,000 in cash, two handguns in a kitchen cabinet, and ammunition.  The officers also searched Apartment 233 and

---

[1]        "We view the facts in the light most favorable to sustaining the verdict."  *State v. Davolt*, 207 Ariz. 191, 199, ¶ 1, n.1 (2004).

discovered several empty red Coca-Cola boxes and a 2022 rent receipt listing Arella's name.

**¶5**        The State charged Arella with five felony counts.  Count (1) charged sale or transportation of dangerous drugs for the exchange in the parking lot.  With respect to the items found in Apartment 218, Count (2) charged possession of dangerous drugs for sale for the methamphetamine, Counts (3) and (4) charged possession of narcotic drugs for sale for the heroin and fentanyl, and Count (5) charged misconduct involving weapons for the handguns.

**¶6**        Trial began in July of 2024.  At the conclusion of the evidence, Arella moved for judgment of acquittal under the Arizona Rule of Criminal Procedure ("Rule") 20(a)(1) for Count (5), arguing the State failed to present sufficient evidence that Arella used or possessed the handguns during the felony drug offenses.  The court denied the Rule 20 motion stating that there was "substantial evidence from which a properly instructed jury could determine guilt."

**¶7**        The jury found Arella guilty of all five counts.  The jury also found that possession or use of a deadly weapon was an aggravated circumstance for Counts (2)–(4).  In August 2024, the court sentenced Arella to 10 years in prison for Counts (1)–(4), and 2.5 years in prison for Count (5).  The court ordered the sentences to run concurrently.

**¶8**        Arella timely appealed and we have jurisdiction under A.R.S. §§ 120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

### I.        Count (5): Misconduct Involving Weapons.

**¶9**        Arella argues the court erred by denying his Rule 20 motion on the misconduct involving weapons charge.  "We review a denial of a Rule 20 motion de novo, 'viewing the evidence in a light most favorable to sustaining the verdict.'" *State v. Allen*, 253 Ariz. 306, 335, ¶ 69 (2022) (quoting *State v. Bible*, 175 Ariz. 549, 595 (1993)). In conducting our review, "we compare the evidence 'against the statutorily required elements of the offense,'" *State v. Brock*, 248 Ariz. 583, 592, ¶ 22 (App. 2020) (quoting *State v. Pena*, 209 Ariz. 503, 505, ¶ 8 (App. 2005)), and do not "reweigh the evidence to decide if [we] would reach the same conclusions as the trier of fact," *State v. Barger*, 167 Ariz. 563, 568 (App. 1990).

¶10        "A judgment of acquittal is appropriate when 'no substantial evidence [exists] to warrant a conviction.'" *State v. Nunez*, 167 Ariz. 272, 278 (1991) (quoting *State v. Clabourne,* 142 Ariz. 335, 345 (1984)); *see also* Ariz. R. Crim. P. 20(a)(1).  Sufficient evidence may be direct or circumstantial and "is such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Borquez*, 232 Ariz. 484, 487, ¶ 9 (App. 2013) (cleaned up).

¶11        As charged in this case, "misconduct involving weapons" requires the use or possession of a deadly weapon during the commission of a felony drug offense.  A.R.S. § 13-3102(A)(8).  Possession means either actual physical possession or exercising dominion or control over the weapon.  *See* A.R.S. § 13-105(34) (defining "possess"); *see also State v. Gonsalves*, 231 Ariz. 521, 523, ¶ 9 (App. 2013) (stating that possession for purposes of misconduct involving weapons can be actual or constructive possession).  "Constructive possession exists when the prohibited property 'is found in a place under [the defendant's] dominion [or] control and under circumstances from which it can be reasonably inferred that the defendant had actual knowledge of the existence of the [property].'" *State v. Cox*, 214 Ariz. 518, 520, ¶ 10 (App. 2007) (alteration in original) (quoting *State v. Villavicencio*, 108 Ariz. 518, 520 (1972)).  Constructive possession need not be "exclusive, immediate, and personal," *State v. Carroll*, 111 Ariz. 216, 218 (1974), but a person's mere presence is insufficient to demonstrate control, *State v. Ingram*, 239 Ariz. 228, 233, ¶ 22 (App. 2016).  "The state must prove that the defendant intended to use or could have used the weapon to further" the offense and must demonstrate "more than a mere temporal nexus between the weapon and the crime alleged." *State v. Petrak*, 198 Ariz. 260, 266, ¶ 19 (App. 2000).

¶12        Arella argues that the State presented insufficient evidence that he possessed the handguns found in Apartment 218.  Arella emphasizes that the expert testimony related to drug-trafficking organizations failed to establish a connection between his misconduct and the handguns.  He also notes that another individual leased Apartment 218, other people had access to the apartment, and he did not have access to the weapons at the time police apprehended him.

¶13        But Arella possessed keys to Apartment 218 when the police stopped him.  The police observed him driving to the apartment complex, parking there, walking in the direction of Apartment 218, and leaving the complex earlier in the day before the officers executed the warrants.  The officers found packaged drugs in the bedroom closet, two handguns in the kitchen cabinet, and ammunition.  Through a search of Arella's phone,

officers found photos of the drugs in Apartment 218 and a photo of a large amount of cash. They also discovered a photo of a money-wire receipt listing Arella's name and an apartment 218. However, the receipt listed partially inverted numbers for the street address of Apartment 218.

**¶14**    The State presented sufficient evidence to support the jury's findings. *See State v. Lee*, 189 Ariz. 590, 603 (1997). The record shows Arella had access to Apartment 218, the photos on his phone demonstrated his awareness of the drugs and money, his name appeared on a money-wire receipt listing Apartment 218, he visited the complex earlier that day, and the police found the handguns in the same apartment as a majority of the drugs and a significant amount of cash. *See Petrak*, 198 Ariz. at 266, ¶ 19 (recognizing that Courts may consider "the spatial proximity and accessibility of the weapon to the defendant and the site of the drug offense"). Although others may have had access to the handguns and Apartment 218 was not leased in his name, the State was not required to demonstrate that Arella had exclusive control of the handguns. *See Gonsalves*, 231 Ariz. at 523, ¶ 9. From the evidence, reasonable jurors could infer that Arella knew of the handguns and could have used them in furtherance of the offenses. *See Lee*, 189 Ariz. at 603 ("When reasonable minds may differ on inferences drawn from the facts, the case must be submitted to the jury, and the trial judge has no discretion to enter a judgment of acquittal."); *see also State v. Gonzalez*, No. 2 CA-CR 2016-0136, 2016 WL 6678338, at *6, ¶ 25 (Ariz. App. Nov. 14, 2016) (mem. dec.) (stating that "the relationship between firearms and drug trafficking is a matter of common knowledge") (citing *United States v. Young-Bey*, 893 F.2d 178, 181 (8th Cir. 1990) ("It has become common knowledge that drug traffickers typically keep firearms available to protect themselves and their drugs and drug money.")). Thus, Arella's convictions were supported by substantial evidence. *See Cox*, 214 Ariz. at 520, ¶ 10 (affirming the court's denial of a Rule 20 motion when there was sufficient evidence for a jury to infer constructive possession of a weapon).

## II.    Deadly Weapon Aggravating Circumstance.

**¶15**    Arella's sole contention related to the finding of aggravating circumstances is that the State did not present substantial evidence to support the jury's finding of possession of a deadly weapon for Counts (2)–(4). He relies on the same arguments discussed above, *supra* ¶ 12.

**¶16**    Because Arella did not raise his challenge to the aggravating circumstances with the trial court, we review for fundamental error. *State v. Escalante*, 245 Ariz. 135, 138, ¶ 1 (2018). When reviewing the finding of

an aggravating circumstance, we affirm the trial court if, in viewing the facts in a light most favorable to sustaining the verdict, "the record contains substantial evidence to support the finding." *State v. Coulter*, 236 Ariz. 270, 275, ¶ 12 (App. 2014).

**¶17** When determining a sentence, the court considers the "[u]se, threatened use or possession of a deadly weapon or dangerous instrument during the commission of a crime." A.R.S. § 13-701(D)(2). Because the State presented substantial evidence to support the jury's finding that Arella possessed the handguns, *supra* ¶¶ 13–14, he has not demonstrated fundamental error. *See Coulter*, 236 Ariz. at 275, ¶ 12 (stating we sustain the finding of an aggravating factor if there is "substantial evidence to support" it).

**CONCLUSION**

**¶18** We affirm Arella's convictions and sentences.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR